UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CHANIKKA DAVIS-PAYNE,

                Plaintiff,

    -vs-

JOHN GALIE, THOMAS FOURNIER, THEODORE
WEED, JOHN FASO, JOSEPH GIANQUINTO,
NIAGARA FALLS POLICE DEPARTMENT, DOROTHY
JONES, COUNTY CRIME TASK FORCE,

                Defendants.

**DECISION AND ORDER
No. 09-CV-6363(MAT)**

_____

## I. Introduction

Pro se plaintiff Channika Davis-Payne ("Davis" or "Plaintiff") commenced this action pursuant to 42 U.S.C. § 1983 asserting that Defendants violated her constitutional rights in connection with her arrest on October 5, 2005, and March 6, 2007, by the City of Niagara Falls Police Department for drug- and weapons-related offenses. After Defendants answered the Complaint, Plaintiff filed a Motion for Judgment on the Pleadings (Dkt #11). Defendant Dorothy Jones ("Jones"), an investigator with the New York State Police who was involved in the second arrest, filed responsive papers opposing the Motion for Judgment on the Pleadings (Dkt ##20, 21). The remaining defendants, who are police officers employed by the City of Niagara Falls Police Department ("the City Defendants"), filed a Motion to Dismiss Plaintiff's Complaint (Dkt #23). For the reasons discussed below, Defendants' motion is granted, and

Plaintiff's Complaint is dismissed in its entirety against all defendants.

**II. Background**

    **A. The October 5, 2005 Search and Seizure**

On October 5, 2005, Defendants executed a search warrant at Plaintiff's home. The warrant was based upon information obtained from confidential informant #26091, to whom Plaintiff sold illegal narcotics. See Declaration of Thomas M. O'Donnell, Esq. ("O'Donnell Decl."), ¶¶ 22-23 & Exhibit ("Ex.") A. During the search, Defendants found two handguns, a quantity of cocaine, and a digital scale, as detailed in the Search and Seizure Inventory. See id., ¶ 24 & Ex. B. As a result, Plaintiff was charged by a Felony Complaint with violating New York State Penal Law ("P.L.") § 220.50 (Criminal Possession of Drug Paraphernalia in the Second Degree (possession of a scale)); P.L. § 220.03 (Crminal Possesion of Controlled Substaince in the Seventh Degree) and P.L. § 265.02(4) (Criminal Possession of a Weapon in the Third Degree (possession of a loaded weapon)). Id., ¶ 25.

On October 25, 2008, Niagara Falls City Court Judge Robert M. Restaino determined that there was probable cause to believe that Plaintiff had committed these crimes. Accordingly, Plaintiff was ordered held for action by the Grand Jury under City Court Docket No. 08-58608. See id. & Ex. C.

On March 7, 2007, the three crimes charged in the Felony Complaint were dismissed as part of a plea entered by Plaintiff on an unrelated matter in Niagara County Court. See id. & Ex. D (Certificate of Disposition).

**B.   The March 6, 2007 Arrest**

Plaintiff states that the actions forming the basis of her second claim occurred on March 7, 2007. Defendants could find no record of any actions on their part in regards to Plaintiff on March 7, 2007. Plaintiff, however, was arrested on March 6, 2007, pursuant to two Felony Information/complaints. Defendants have reasonably assumed Plaintiff intended to refer in her Complaint to the March 6, 2007 arrest.

As detailed in the two Felony Informations, Plaintiff sold a quantity of crack cocaine to undercover investigator Dorothy Jones of the New York State Police on February 21, 2007, at about 1:06 a.m. Plaintiff consequently was charged with violating P.L. § 220.39 (Criminal Sale of a Controlled Substance in the Third Degree and P.L. § 220.16 (Criminal Possession of a Controlled Substance in the Third Degree).

On June 13, 2007, Plaintiff appeared in Niagara Falls City Court, and Judge Restaino determined that there was probable cause to believe that Plaintiff had committed the crimes alleged. Plaintiff was held over and indicted by the Grand Jury. See O'Donnell Decl., ¶¶ 33-36 & Exs. E & F. These charges ultimately

were dismissed as part of a plea agreement entered September 19, 2007, on an unrelated matter. See O'Donnell Decl., ¶ 37. The Certificate of Disposition, see Ex. D to O'Donnell Decl., indicates only that the matter was sealed and does not specify the nature of the plea agreement.

**III. General Legal Principles**

    **A.    42 U.S.C. § 1983**

In order to state a claim under 42 U.S.C. § 1983, the plaintiff must establish the following elements: (1) conduct attributable at least in part to a person acting under color of state law, and (2) deprivation, as the result of the challenged conduct, of a right, privilege, or immunity secured by the Constitution or laws of the United States. Dwares v. City of New York, 985 F.2d 94, 98 (2d Cir. 1993).

    **B.    Motions to Dismiss Under F.R.C.P. 12(b)(6) & 12(c)**

The City Defendants cite Rule 12(b)(6) in support of their motion to dismiss. Because the City Defendants have filed an Answer to the Complaint, it appears that this motion is more appropriately made pursuant to Rule 12(c). The Court need not decide the issue because in deciding a Rule 12(c) motion, the same standard as that applicable to a motion under Rule 12(b)(6) is applied. Desiano v. Warner-Lambert & Co., 467 F.3d 85, 89 (2d Cir. 2006).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint may be dismissed for "failure to state a claim

upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). Thus, unless a plaintiff's well-pleaded allegations have "nudged [his] claims across the line from conceivable to plausible, [the plaintiff's] complaint must be dismissed." Twombly, 550 U.S. at 570. The Court must liberally construe all claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. E.g., Roth v. Jennings, 489 F.3d 499, 510 (2d Cir. 2007); Cargo Partner AG v. Albatrans, Inc., 352 F.3d 41, 44 (2d Cir. 2003).

**IV. Discussion**

Plaintiff's Complaint asserts (1) an illegal search and seizure and false arrest by the City of Niagara Falls Police Department on October 5, 2005; (2) a false arrest by the City of Niagara Falls Police Department on March 6, 2007; and (3) a conspiracy by Defendants violated Plaintiff's constitutional rights on both October 5, 2005, and March 6, 2007, by making "false

statements" in support of the arrest warrants, causing her "public embarrassment", destroying her property, and subjecting her to harassment and duress.

**A. Plaintiff's claims stemming from the October 5, 2005 arrest are barred by the statute of limitations.**

Although the statute of limitations period in § 1983 cases is determined by reference to state law, the determination of when a claim accrues is governed by federal law. Veal v. Geraci, 23 F.3d 722, 724 (2d Cir. 1994). The statute of limitations for § 1983 claims premised on torts such as false arrest or false imprisonment is three years. See Owens v. Okure, 488 U.S. 235, 251 (1989), aff'g 816 F.2d 45, 49 (2d Cir. 1987) (applying New York's three-year statute of limitations governing general personal injury actions to litigant's § 1983 claim regarding his arrest without cause and beating by the police). In the first and third claims of her Complaint, Plaintiff asserts allegations that sound in false arrest with regard to the October 5, 2005 incident.

A § 1983 claim for false arrest rests on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause. Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996) (citing Lennon v. Miller, 66 F.3d 416, 423 (2d Cir. 1995)). Unless the statute of limitations is otherwise tolled, a § 1983 claim for false arrest accrues on the date of the alleged false arrest. Woods v. Candela, 47 F.3d 545 (2d Cir. 1995); Greig v. Harmon, 182 F.3d 899, 1999 WL 373881, at *1 (2d Cir.

May 24, 1999). Plaintiff's claim for false arrest accrued on October 5, 2005, when she was arrested. As noted above, Plaintiff commenced the instant proceeding on June 23, 2009, or three years, eight months, and eighteen days later. It is therefore untimely.

> **B. Plaintiff's claims of false arrest stemming from the October 5, 2005 arrest and the March 6, 2007 arrest fail as a matter of law.**

"The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest, whether that action is brought under state law or under § 1983." Weyant, 101 F.3d at 852 (internal quotation and quotation marks omitted) Furthermore, probable cause is a complete defense to a false arrest claim, even where the plaintiff is ultimately acquitted of the criminal charges. Weyant, 101 F.3d at 852 (citation omitted). Probable cause is presumed where, as here, a grand jury has handed down an indictment. Bernard v. United States, 25 F.3d 98, 104 (2d Cir. 1994). The plaintiff can overcome the presumption "by a showing that the indictment was procured by 'fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith.'" Id. (quotation omitted). Here, however, Plaintiff's allegations of wrongdoing on the part of Defendants are too vague and conclusory to state a claim to relief that is "plausible on its face." Twombly, 550 U.S. at 570.

For the foregoing reasons, the court dismisses Plaintiff's claims for false arrest arising from the 2005 and 2007 arrests against all Defendants.

**B. Plaintiff's claims of conspiracy fail as a matter of law.**

In her third claim, Plaintiff asserts that the "County Crime Task Force" and the Niagara Falls Police Department conspired against her to effectuate her two arrests and made false statements against her to stain her reputation. As an initial matter, it does not appear that the "County Crime Task Force" was ever served or is an actual legal entity. The City Defendants have affirmatively pled that the Niagara Falls Police Department is department of the City of Niagara Falls and not a separate legal entity that may be sued. In addition to these jurisdictional defects, Plaintiff's claim has other fatal flaws.

First, Plaintiff fails to set forth specific facts in support of her claim that any Defendant engaged in a conspiracy. A claim of conspiracy brought pursuant to § 1983 must be supported by more than conclusory allegations. Leon v. Murphy, 988 F.2d 303, 311 (2d Cir. 1993); Polur v. Raffe, 912 F.2d 52 (2d Cir. 1990). A plaintiff must allege "with at least some degree of particularity overt acts which defendants engaged in which were reasonably related to the promotion of the alleged conspiracy." Powell v. Workmen's Compensation Bd. of State of N.Y., 327 F.2d 131, 137 (2d Cir. 1964). Failure to allege any facts in support of a

conspiracy claim results in dismissal. See id. Plaintiff seems to suggest that the fact that members of the Crime Task Force and the Niagara Falls Police Department participated in her arrest demonstrates the existence of a conspiracy. This is insufficient. See Moffett v. Town of Poughkeepsie, No. 11-CV-6243 (ER), 2012 WL 3740724, at *7 (S.D.N.Y. Aug. 29, 2012) ("Plaintiff merely alleges one communication between the Cornwall Police Department and the Poughkeepsie Police Department—Gebert's communication to the Poughkeepsie Police Department reporting Plaintiff's domestic dispute with Bachman, stating that Plaintiff threatened to commit 'suicide by cop,' and advising that Plaintiff might be on his way to Fritz's home in Poughkeepsie. This allegation, without more, lacks a 'factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end.'") (quoting Webb v. Goord, 340 F.3d 105, 110 (2d Cir. 2003) (internal citations and quotation marks omitted)).

Moreover, Plaintiff's attempt to allege that members of the Niagara Falls Police Department conspired together fails due to the "legal impossibility of pleading conspiracy by exclusive reference to actions of employees of a single corporation." Farbstein v. Hicksville Pub. Library, 254 F. App'x 50, 51 (2d Cir. 2007) (citing Herrmann v. Moore, 576 F.2d 453, 459 (2d Cir. 1978)).

**D. Plaintiff's claims of perjury, slander, destruction of property, harassment, duress, and embarrassment fail as a matter of law.**

Throughout Plaintiff's Complaint are suggestions of claims that fall outside the ambit of § 1983. In her first claim, Plaintiff alleges that Defendants committed slander, perjury, and destruction of her property. In the second claim, she again alleges perjury on the part of Defendants. In the third claim, she claims harassment, duress, and "public embarrassment."

"Although perjury and subornation of perjury can be filed as criminal charges, they are not cognizable civil claims [for purposes of § 1983] under either New York State or federal law." Sash v. City of N.Y., No. 05 Civ. 1544 DAB JCF, 2006 WL 2474874, at *6 n.5 (S.D.N.Y. Aug. 11, 2006) (citing See Luckett v. Bure, 290 F.3d 493, 497 (2d Cir. 2002) ("We affirm the district court's dismissal of Luckett's claims of sabotage, forgery, and perjury, which are crimes and therefore do not give rise to civil causes of action.")). Although they could be cognizable as Fourth Amendment violations that occurred in connection with the October 2005 arrest and search, see Malley v. Briggs, 475 U.S. 335, 339-45 (1986) (police officer not entitled to absolute immunity for damages under § 1983 where he sought an arrest warrant without probable cause), they are time-barred as discussed above. With regard to the alleged perjury in connection with her 2007 arrest, Plaintiff has failed to

set forth allegations that are "plausible on [their] face." Twombly, 550 U.S. at 570.

With respect to Plaintiff's allegations of "public embarrassment", "harassment", and "duress", none of these are cognizable constitutional claims. A tort, such as slander, is not actionable under § 1983 unless it implicates a liberty interest. See Donato v. Plainview-Old Bethpage Cent. School Dist., 96 F.3d 623, 630-31 (2d Cir. 1996). In general, consequently, Plaintiff's claims are not actionable under § 1983. ". ; see also Savage v. Snow, 575 F. Supp. 828, 837 (S.D.N.Y. 1983) ("The averment that a tort was committed under color of state law is not enough.") (citing Gittlemacker v. Prasse, 428 F.2d 1, 6 (3d Cir. 1970)). Plaintiff has not alleged that the embarrassment, duress, and harassment she allegedly suffered implicated a liberty interest. Accordingly, these claims do not present a cognizable constitutional claim and must be dismissed. See Savage, 575 F. Supp. at 837 (dismissing claims for harassment and slander brought by inmate against corrections officer under § 1983; stating that "[n]either harassment nor slander rises to the level of a constitutional claim" and "[t]herefore, plaintiff's tort action, if any, must lie in state court").

With regard to the alleged destruction of Plaintiff's property by defendants, such a claim is not cognizable under § 1983 because "adequate state post-deprivation remedies are available." Hudson v.

Palmer, 468 U.S. 517, 533 (1984). In New York, these remedies are in the form of an action before the New York Court of Claims. See N.Y. Ct. Cl. Act § 9. Therefore, Plaintiff does not have a constitutional claim against Defendants for the alleged destruction of her property.

**D. State Law Claims**

Defendants have interpreted a number of Plaintiff's allegations as asserting causes of action under New York state law (e.g., duress, "public embarrassment", harassment). They argue that all of Plaintiff's state-law claims must be dismissed because Plaintiff failed to comply with N.Y. General Municipal Law §§ 50-e(1) and 50-i(1) by timely filing a notice of claim. Assuming that Plaintiff has raised state-law claims, the Court finds that they should be dismissed since the Court has dismissed all of Plaintiff's federal claims with prejudice. See Marcus v. AT & T Corp., 138 F.3d 46, 57 (2d Cir. 1998) (Under 28 U.S.C. § 1367(c)(3), it is well settled that "[i]n general, where the federal claims are dismissed before trial, the state claims should be dismissed as well.").

**V. Conclusion**

Plaintiff's Motion for Judgment on the Pleadings (Dkt #11) is denied. Defendants' Motion to Dismiss Plaintiff's Complaint (Dkt #23) is granted. Plaintiff's Complaint is dismissed in its

entirety as to all defendants. The Clerk of the Court is directed to close this case.

**SO ORDERED.**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED: October 16, 2012
Rochester, New York