UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHANIKKA DAVIS-PAYNE,

               Plaintiff,

     -vs-

JOHN GALIE, THOMAS FOURNIER, THEODORE
WEED, JOHN FASO, JOSEPH GIANQUINTO,
NIAGARA FALLS POLICE DEPARTMENT, DOROTHY
JONES, COUNTY CRIME TASK FORCE,

               Defendants.

**DECISION AND ORDER
No. 09-CV-6363(MAT)**

---

## I.   Introduction

This action was instituted by <u>pro</u> <u>se</u> plaintiff Channika Davis-Payne ("Plaintiff") pursuant to 42 U.S.C. § 1983 on the basis that Defendants violated her constitutional rights by entering another person's apartment without a warrant in order to arrest her on March 6, 2007, in the City of Niagara Falls. Presently pending before the Court are two motions to dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("F.R.C.P."). One motion is on behalf of the State of New York ("the State"), New York State Police Investigator Dorothy Jones ("Inv. Jones"), and New York State Assistant Attorney General Robert Lee ("AAG Lee") (hereinafter, collectively, "the State Defendants"). The State Defendants also move, in the alternative, for summary judgment pursuant to F.R.C.P. 56(a). The second motion to dismiss is on behalf of the Niagara Falls Police Department ("the NFPD"), John Galie, Thomas Fournier, Theodore Weed, John

Faso, and Joseph Gianquinto (collectively, "the Police Defendants").

## II.  Factual Background and Procedural History

On March 6, 2007 Plaintiff was arrested at a residence which was not her own as a result of her February 21, 2007 sale of a controlled substance to an undercover New York State Police Investigator, Dorothy Jones. Plaintiff was charged with two felonies. These charges were dismissed as part of a plea bargain entered into by Plaintiff on an unrelated matter that was prosecuted by the New York State Attorney General's Organized Crime Task Force. Plaintiff then instituted this § 1983 action, alleging various constitutional violations in connection with the March 6, 2007 arrest and other incidents.

By Decision and Order (Dkt. #55) dated October 16, 2012, this Court dismissed Plaintiff's original Complaint in its entirety. Plaintiff appealed to the United States Court of Appeals for the Second Circuit, which affirmed the judgment in part and reversed it in part. See Payne v. Galie, et al., No. 12-4743-cv (2d Cir. Sept. 10, 2014) (Dkt. #66). The Second Circuit vacated this Court's dismissal with prejudice of Plaintiff's warrantless entry claim based on the March 6, 2007 arrest, and sua sponte granted Plaintiff leave to amend her Complaint to plead facts showing she had a "reasonable expectation of privacy" in the apartment where the arrest took place. Id., pp. 3-4. The Second Circuit affirmed the

Court's dismissal of Plaintiff's other claims. Thus, the only claim remaining for consideration on remand is the alleged violation of Plaintiff's Fourth Amendment rights based on the Niagara Falls Police officers' warrantless entry into another person's apartment to effectuate her arrest.

After Plaintiff filed an Amended Complaint (Dkt #67), the State Defendants moved for dismissal for failure to state a claim, or, in the alternative, for summary judgment (Dkt #69). Plaintiff did not file any papers in opposition to the State Defendants' motion. The NFPD and the Police Defendants moved for dismissal for failure to state a claim (Dkt #68). Plaintiff did not file any papers in opposition to the NFPD's and the Police Defendants' motion. For the reasons discussed below, the State Defendants' motion is granted in its entirety. The NFPD's and the Police Defendants' motion is granted in part and denied in part.

## III. General Legal Principles

### A. Motions to Dismiss for Failure to State a Claim

Rule 12(b)(6) allows dismissal of complaints based upon the plaintiff's failure "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In order "[t]o survive a motion to dismiss under [Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp.

v. Twombly, 550 U.S. 544, 570 (2007)). In assessing a claim's plausibility, the district court must "assume [the] veracity" of all well-pleaded factual allegations contained in the complaint, Iqbal, 129 S. Ct. at 1950, and draw every reasonable inference in favor of the plaintiff, Zinermon v. Burch, 494 U.S. 113, 118 (1990). However, the plaintiff's allegations must consist of more than mere labels or a "formulaic recitation of the elements of a cause of action," and bare legal conclusions are "not entitled to the assumption of truth." Iqbal, 129 S. Ct. at 1949-50.

### B.    Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Initially, the moving party must show that there is "an absence of evidence to support the non-moving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has carried its burden, the opposing party must set forth "specific facts showing that there is a genuine issue for trial[,]" FED. R. CIV. P. 56(e), and must introduce evidence beyond the mere pleadings to show that there is an issue of material fact concerning "an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. If, "as to the issue

-4-

on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper." <u>Security Ins. Co. of Hartford v. Old Dominion Freight Line Inc.</u>, 391 F.3d 77, 83 (2d Cir. 2004) (quotation omitted).

## IV.   The State Defendants' Motion

### A.   Allegations Involving the State of New York

In the Amended Complaint ("Am. Compl."), Plaintiff has attempted to name the State of New York ("the State") as a separate defendant. The State argues that it should be dismissed as a party on the basis of sovereign immunity.

The Constitution provides that the power of the federal judiciary "shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const., amend. XI. Thus, the Eleventh Amendment generally "bars suits that seek either money damages, or injunctive relief[,]" <u>McGinty v. New York</u>, 251 F.3d 84, 91 (2d Cir. 2001) (internal and other citation omitted), "absent waiver by the State or valid congressional override," <u>Kentucky v. Graham</u>, 473 U.S. 159, 169 (1985) (citation omitted). Here, Plaintiff seeks only money damages against the State with regard to alleged violations of her Fourth Amendment rights. The State has not waived its Eleventh

-5-

Amendment immunity. Accordingly, Plaintiff cannot maintain her Fourth Amendment cause of action against the State.

Plaintiff also claims that the State is liable for unspecified "acts and torts" of its employees under the doctrine of pendent jurisdiction, see Am. Compl., ¶ 36, and "pursuant to the Court of Claims Acts 10 & 11," id., ¶ 49. It is well-established that "[t]he Eleventh Amendment bars federal suits against state officials on the basis of state law." Allen v. Cuomo, 100 F.3d 253, 260 (2d Cir. 1996), and "[t]his applies to state law claims brought into federal court under pendent jurisdiction as well." Id.; see also Raygor v. Regents of Univ. of Minnesota, 534 U.S. 533, 540-41 (2002) ("[T]he Eleventh Amendment bars the adjudication of pendent state law claims against nonconsenting state defendants in federal court.") (citing Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 120 (1984)). Accordingly, given the absence of waiver by the State, any claims Plaintiff purports to bring based on New York State law are barred by the Eleventh Amendment and are dismissed with prejudice. See, e.g., Emmons v. City of N.Y., 715 F. Supp.2d 394, 419 (E.D.N.Y. 2010) (citing Burrell v. City Univ. of N.Y., 995 F. Supp. 398, 410 (S.D.N.Y. 1998)).

**B.   Allegations Involving Inv. Jones and AAG Lee**

**1. Preliminary Matters**

Although the scope of the Second Circuit's remand was narrow, in that Plaintiff only was permitted to amend her Complaint to

-6-

plead a reasonable expectation of privacy, Plaintiff nevertheless named new defendants, State employees AAG Lee and Inv. Jones. The allegations against them must be dismissed for several reasons.

First, Plaintiff has made allegations concerning AAG Lee in which she attempts to re-assert claims that this Court already has dismissed. Those claims, pertaining to arrests that the Court has found to be outside the statute of limitations (a finding which the Second Circuit did not disturb on appeal), are dismissed, again, with prejudice. Second, in making allegations against Inv. Jones, Plaintiff improperly has disregarded the Stipulation entered into by the attorney assigned by the Second Circuit to represent her on appeal. In the Stipulation dated February 27, 2014, assigned counsel for Plaintiff, Hanna Y.S. Chanoine, Esq., and counsel for Inv. Jones, Assistant Solicitor General Kate H. Nepveu, Esq., "stipulate[d] that the above-captioned case is withdrawn against defendant Dorothy Jones, with prejudice." Stipulation, attached as Exhibit A to the Declaration of Stephanie Calhoun, Esq. (Dkt #70). Plaintiff has offered no reason why this Stipulation should not be enforced, and the Court sees none on the record before it.

In the interest of completeness, however, the Court will address the new allegations asserted against Inv. Jones and AAG Lee.

### 2.   Eleventh Amendment Immunity

The Eleventh Amendment's shield also extends to state employees when they are acting in their official capacities, because in such cases, "the real party in interest . . . is the governmental entity and not the named official." <u>Hafer v. Melo</u>, 502 U.S. 21, 25 (1991); <u>see</u> <u>also</u>, <u>e.g.</u>, <u>Graham</u>, 473 U.S. at 169 (explaining that "'a judgment against a public servant "in his official capacity" imposes liability on the entity that he represents'") (internal citations, quotation, and footnote omitted). Therefore, AAG Lee and Inv. Jones, in their official capacities as an assistant attorney general and a police investigator, respectively, are immune from suit. <u>See</u> <u>Seitz v. DeQuarto</u>, 777 F. Supp.2d 492, 499 (S.D.N.Y. 2011) ("[B]oth the State Police (a governmental subunit of the State of New York) and the Investigators, in their official capacities, are immune from the [plaintiffs]' suit. The Constitution forbids the prosecution of these claims against the State and its officials.").

### 3.   State-Law Tort Claims Against Inv. Jones and AAG Lee

Plaintiff asserts that Inv. Jones and AAG Lee are liable under unspecified state law tort theories. Plaintiff also cites the New York Court of Claims Act Sections 10 and 11,[1] and asserts that this

---

[1]

The New York Court of Claims has jurisdiction to hear and determine, <u>inter alia</u>, "a claim of any person. . . against the state for . . . the torts of its officers or employees while acting as such officers or employees, providing the claimant complies with the limitations of this article." N.Y. CT. CLAIMS ACT §

Court should exercise its pendent jurisdiction over these state-law claims.

Neither a federal court's pendent jurisdiction "nor any other basis of jurisdiction may override the Eleventh Amendment," and a state's immunity against state law claims extends to state officials. <u>Pennhurst</u>, 465 U.S. at 121. Thus, to the extent that Plaintiff has asserted state law claims seeking damages against Inv. Jones and AAG Lee in their official capacities, such claims are barred by sovereign immunity. <u>See</u>, <u>e.g.</u>, <u>Emmons</u>, 715 F. Supp.2d at 420-21 ("[A]ll state law claims brought against [employees of the City University of New York] in their official capacities are dismissed with prejudice for lack of subject matter jurisdiction.") (footnote omitted); <u>Corrado v. New York State Unified Court System</u>, No. CV 2012-1748(DLI)(MDG), 2014 WL 4626243, at *13 (E.D.N.Y. Sept. 15, 2014) (plaintiff's state law tort claims against employees of the New York State Unified Court System in their official capacities were barred by sovereign immunity) (citations omitted). Plaintiff's contention that the Court may exercise pendent jurisdiction over these state claims against the individual defendants is without merit, for a federal court "cannot exercise pendent jurisdiction over claims which cannot be brought against

_____

9(2). Section 10 deals with the time for filing claims and notices of intention to file claims. <u>Id.</u>, § 10. Section 11 simply deals with the filing, service, and contents of a claim or a notice of intention. <u>Id.</u>, § 10. These sections do not confer a particular legal right or authorize a specific cause of action.

the state in federal court." <u>Corrado</u>, 2014 WL 4626234, at *12 (citing <u>Pennhurst</u>, 465 U.S. at 121).

### 4. Lack of Personal Involvement

"It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" <u>Wright v. Smith</u>, 21 F.3d 496, 501 (2d Cir. 1994) (quoting <u>Moffitt v. Town of Brookfield</u>, 950 F.2d 880, 885 (2d Cir. 1991); other citations omitted). "[A] a supervisory official cannot be held liable under § 1983 on a theory of respondeat superior." <u>Ying Jing Gan v. City of N.Y.</u>, 996 F.2d 522, 536 (2d Cir. 1993) (citation omitted).

As noted above, the only claim that remains pending in this action is the Fourth Amendment claim based on the warrantless entry on March 6, 2007, and arrest of Plaintiff at a residence which was not her own, as a result of her previous sale of a controlled substance to an undercover law enforcement officer (Inv. Jones) on February 21, 2007. <u>See</u>, <u>e.g.</u>, Declaration of Thomas O'Donnell, Esq., ¶¶ 31-35 (Dkt #23-2). There is no suggestion in the record that Inv. Jones was involved in any way in the actual arrest of Plaintiff on March 6, 2007. In a declaration dated May 20, 2010, Inv. Jones attested that her only role in connection with the incident at issue here was that she "witnessed a controlled purchase of crack cocaine from" Plaintiff on February 21, 2007; it was this controlled purchase which led to Plaintiff's arrest on

March 6, 2007. <u>See</u> Declaration of Dorothy Jones, ¶¶ 3-4 & attached exhibits (Dkt. #21); <u>see also</u> Dkt #23-7. Based on the record before the Court, Plaintiff has failed to raise a triable issue of fact as to Inv. Jones' personal involvement in the warrantless entry of March 6, 2007.

Furthermore, in February 2014, Plaintiff stipulated to the discontinuance of this action, with prejudice, as to Inv. Jones. It is of no moment that Plaintiff's assigned attorney, and not Plaintiff herself, signed the Stipulation. <u>See</u>, <u>e.g.</u>, <u>Woo v. City of N.Y.</u>, No. 93 CIV.7007(AJP)(HB), 1997 WL 277368, at *4 (S.D.N.Y. May 27, 1997) ("It is black letter law in this Circuit,. . . that a client . . . is bound by the conduct of his attorney.") (citing <u>In re Artha Management, Inc.</u>, 91 F.3d 326, 329 (2d Cir. 1996) (presumption that attorney who enters into a settlement agreement had authority to do so); <u>York Research Corp. v. Landgarten</u>, 927 F.2d 119, 122 (2d Cir. 1991) ("As the Supreme Court has observed, a litigant is deemed bound by the acts of his lawyer-agent . . . .") (quotation omitted)); other citations omitted).

With regard to AAG Lee's personal involvement, Plaintiff is unable to plausibly allege a viable claim. Notably, none of Plaintiff's allegations actually implicate AAG Lee in the March 6, 2007 warrantless entry. Instead, Plaintiff continues to assert allegations regarding events that the Court has found to be time-

barred, such as her October 2005 arrest. See, e.g., Am. Compl., ¶¶ 10-12, 21.

Plaintiff's bare assertion that "[a]ll named defendants jointly participated in the wrongs complained of by arresting and continuing the prosecution of me on both warrantless home invasions and on falsified search warrant invasions in 2005 and 2007's allegations" is simply too vague and conclusory to state a plausible claim against AAG Lee in connection with the March 6, 2007 arrest. See Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.") (quotation omitted). There is no evidence in the record that AAG Lee was present at, or was involved in any way whatsoever with the March 6, 2007 warrantless entry.

Plaintiff's allegation that the "municipal defendants" are liable "based on the acts of their policymakers such as the prosecutorial officials and NYS Attorney General [sic] Robert Lee" likewise is insufficient to state a plausible claim. See, e.g., Castillo v. Commissioner of N.Y. State Dep't of Corr. Serv., No. 06-CV-858A, 2008 WL 4501881, at *2 (W.D.N.Y. Sept. 30, 2008) (allegation of personal involvement insufficient where plaintiff did "not specify the particular policy or custom that each defendant created, or allege how that policy or custom resulted in the alleged deprivation" of her constitutional rights) (citing

<u>Covington v. Coughlin</u>, No. 93 Civ. 8372(JSM), 1994 WL 163692, at *3 (S.D.N.Y. Apr. 28, 1994) ("[P]laintiff's vague reference to 'faulty policy and procedures' used by the Board of Parole does not meet even the minimal standards courts apply to <u>pro</u> <u>se</u> pleadings."); other citation omitted).

**V.   The Motion to Dismiss by the Police Defendants and the NFPD**

**A.   Sufficiency of Allegations Regarding Plaintiff's Reasonable Expectation of Privacy**

The Police Defendants urge dismissal of the warrantless entry claim on the basis that Plaintiff has not sufficiently alleged a reasonable expectation of privacy in the apartment where she was arrested. Plaintiff asserts that she had reasonable expectation of privacy in the Whitney Avenue apartment where she was arrested because she was an overnight guest.

The Fourth Amendment does not protect an individual's privacy in any and all circumstances; rather, to successfully object to an entry and search of a residence under the Fourth Amendment, a plaintiff must show that she had a "'legitimate expectation of privacy'" in the place searched. <u>United States v. Hamilton</u>, 538 F.3d 162, 167 (2d Cir. 2008) (quoting <u>Rakas v. Illinois</u>, 439 U.S. 128, 143 (1978)). In <u>Minnesota v. Olson</u>, 495 U.S. 91 (1990), the Supreme Court held that an overnight guest has a "legitimate expectation of privacy in his host's home." <u>Id.</u> at 98-100. The Supreme Court "reasoned that an overnight guest could depend on his

-13-

host to protect his privacy interests and to provide a 'place where
he and his possessions will not be disturbed by anyone but his host
and those his host allows inside.'" <u>United States v. Osorio</u>, 949
F.2d 38 (2d Cir. 1991) (quoting <u>Olson</u>, 110 S.Ct. at 1689); <u>see</u> <u>also</u>
<u>Georgia v. Randolph</u>, 547 U.S. 103, 113 (2006).

In her Amended Complaint, Plaintiff refers to the apartment at
which she was arrested in Paragraphs 14, 15, 32 and 46. The Police
Defendants argue that Paragraph 15 and Paragraph 46 assert bare
legal conclusions[2] that do not assist Plaintiff in stating a
plausible claim for relief. The Court agrees and declines to credit
Paragraphs 15 and 46 as true because the assertions contained
therein are simply "legal conclusions masquerading as factual
conclusions." <u>Kirch v. Liberty Media Corp.</u>, 449 F.3d 888, 398
(2d Cir. 2006) (quotation omitted).

In Paragraph 14, Plaintiff avers that in March 2007, she "had
been a regular guest and visitor of the residence and often stayed
overnight at the residence with her children with the permission of
the tenants of that residence." Am. Compl., ¶ 14. Paragraph 32
essentially duplicates Paragraph 14 by stating that she often
stayed overnight at the Whitney Avenue apartment in 2007, and that
she often went to the residence with her children. Plaintiff adds

---

[2]

Plaintiff alleges that the Police Defendants deprived her of her Fourth
Amendment rights by the "illegal warrantless arrest of [her] at the home in 2007
wherein [she] had a legitimate expectation of privacy." Plaintiff also alleges,
without explanation, that she "had far more than an overnight guest status in
that home." <u>See</u> Am. Compl., ¶¶ 15, 46.

that Police Defendants must have known this and observed her coming and going from the apartment, since they had her "under surveillance at those times." Id., ¶ 32. The Police Defendants argue that these allegations are insufficient because Plaintiff "offers no indication as to the identities of the 'tenants', her relationship to these individuals, what her purpose was for her various visits, when she had actually stayed overnight at the residence, what her purpose was for this particular visit, or most importantly, whether she had stayed overnight during the night preceeding [sic] the arrest." Defendants' Memorandum of Law.

The Court agrees that Plaintiff's newly made allegations remain too conclusory to state a plausible claim for relief. "An 'overnight guest' is much more than someone who simply spends the night. Such status is contingent upon an invitation by an authorized host." United States v. Gonzales-Barrera, 288 F. Supp.2d 1041, 1050 (D. Ariz. 2003) (citing Olson, 495 U.S. at 99); United States v. Rackley, 742 F.2d 1266, 1270 (11th Cir. 1984) ("[T]he mere legitimate presence on the searched premises . . . is insufficient in itself to create a protectable expectation.") (quoting United States v. Meyer, 656 F.2d 979, 981 (5th Cir. 1981)). Here, Plaintiff has not made any non-conclusory allegations regarding, e.g., the identity of the tenants of the apartment, her relationship to the tenants, the identity of the person who gave her permission to stay overnight at the apartment, and whether that

person actually was a tenant of the apartment. See United States v. Armenta, 69 F.3d 304, 308-09 (9th Cir. 1995) (finding defendant did not have standing to challenge warrantless entry where he simply asserted he was an overnight guest but there was no identifiable "host" who could have given or did give him permission to stay at the house in question); Gonzales-Barrera, 288 F. Supp.2d at 1050 (finding that "[a]bsent a showing that he was an invited guest, Defendant has not borne his burden of proving that he had a legitimate expectation of privacy in the house").

Olson instructs that "it is the relationship between the overnight guest and [her] host, and the common social understanding that comes with it, which makes the guest's expectation of privacy reasonable." United States v. Vasquez, 706 F. Supp.2d 1015, 1023 (C.D. Cal. 2010) (citing Olson, 495 U.S. at 98-99). Plaintiff's Amended Complaint does not adduce sufficient facts to support a plausible claim she had a relationship with anyone who had the authority to grant her permission to stay overnight at the Whitney Avenue apartment. The Amended Complaint, as it stands, does not allege a plausible claim that Plaintiff had a reasonable expectation of privacy at the apartment. However, because Plaintiff is proceeding pro se, the Court will allow her another opportunity to cure the deficiency in her Amended Complaint. Plaintiff need not file another complaint but instead is directed to submit an affidavit or declaration alleging facts that plausibly support her

assertion that she had "overnight guest" status at the Whitney Avenue apartment where she was arrested.

### B.   Qualified Immunity

The Police Defendants argue that Plaintiff "has failed to allege facts that plausibly overcome [their] qualified immunity" because "there can be no question that either of her arrests were not supported by probable cause." Defs' Mem., Argument § C. The Police Defendants assert that the "the two judicial findings of probably [sic] cause together with the Grand Jury Indictment further demonstrate the probable cause warranting Plaintiff's arrests." Id.

"Police officers are immune from liability for money damages in suits brought against them in their individual capacities if 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Anthony v. City of N.Y., 339 F.3d 129, 135 (2d Cir. 2003) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). "A police officer's actions are objectively unreasonable, and therefore are not entitled to immunity, when 'no officer of reasonable competence could have made the same choice in similar circumstances.'" Id. at 138 (quoting Lennon v. Miller, 66 F.3d 416, 420–21 (2d Cir. 2003) (citation omitted)).

To be reasonable under the Fourth Amendment, a search of a home must either be conducted pursuant to a warrant or meet an

exception to the warrant requirement. See, e.g., Kyllo v. United States, 533 U.S. 27, 31 (2001).  While certain exceptions to the warrant requirement exist, probable cause to arrest, in and of itself, is insufficient. See, e.g., Bashir v. Rockdale Cnty., Ga., 445 F.3d 1323, 1328 (11th Cir. 2006) ("[A] warrantless arrest in a home violates the Fourth Amendment unless the arresting officer had probable cause to make the arrest *and* either consent to enter or exigent circumstances demanding that the officer enter the home without a warrant.") (emphasis in original) (citing Kirk v. Louisiana, 536 U.S. 635, 638 (2002) (reversing state court ruling that warrantless entry, arrest, and search did not violate the Fourth Amendment because there had been probable cause to arrest); other citation omitted).  Indeed, since 1980, it has been clearly established Supreme Court law that the Fourth Amendment, made applicable to the States by the Fourteenth Amendment, prohibits the police from making a warrantless and nonconsensual entry into a suspect's home in order to make a routine felony arrest. Payton v. New York, 445 U.S. 573, 576 (1980); see also id. at 576-77 (reversing convictions where police officers, acting with probable cause but without warrants, had gone to the defendant's residence to arrest the defendant on a felony charge and had entered the premises without the consent of any occupant).  The Police Defendants' qualified immunity argument is therefore clearly without merit.

-18-

### C.   Amenability to Suit of the NFPD

The NFPD argues that it is a division of the City of Niagara Falls and not a separate legal entity and, as such, it does not qualify as an individual or corporate entity against which an action can be maintained. The Court agrees. "[A] police department, which is an administrative arm of a municipality, does not have a legal identity separate and apart from the municipality and cannot sue or be sued[.]" Griffith v. Sadri, No. CV-07-4824 (BMC)(LB), 2009 WL 2524691, at *8 (E.D.N.Y. Aug. 14, 2009) (citing Jenkins v. City of N.Y., 478 F.3d 76, 93 n. 19 (2d Cir. 2007); Hall v. City of White Plains, 185 F. Supp.2d 293, 303 (S.D.N.Y. 2002); Wray v. City of N.Y., 340 F. Supp.2d 291, 303 (E.D.N.Y. 2004)).  The NFPD is hereby terminated as a defendant in this action.

### D.   Amenability to Suit of the City of Niagara Falls

Although the City of Niagara Falls has not been named as a defendant, the NFPD argues that "no action under 42 USC 1983 may be maintained against a municipality, or by extension, a 'department' thereof." Defs' Mem., Argument § D. This is not a correct statement of the law. The Supreme Court clearly has held that a municipality may be liable under 42 U.S.C. § 1983 if the plaintiff presents evidence that the alleged deprivation of her constitutional rights was caused by an official custom, policy, or practice of the municipality. See Monell v. Department of Soc. Servs., 436 U.S. 658, 690 (1978).

## VI.  Conclusion

For the reasons discussed above, the Court grants the State Defendants' motion to dismiss (Dkt #69) the Amended Complaint for failure to state a claim, or in the alternative, for summary judgment. The Amended Complaint is dismissed with prejudice as against the State of New York, Dorothy Jones, and Robert Lee. The Clerk of the Court is directed to terminate the State of New York, Dorothy Jones, and Robert Lee as parties to this action.

The Police Defendants' and the NFPD's motion to dismiss (Dkt #68) is granted in part and denied in part. It is granted to the extent that the NFPD is terminated as a defendant in this action. The Clerk of the Court is directed to amend the caption to remove the Niagara Falls Police Department as a party.

The Police Defendants' qualified immunity argument is without merit, and their motion is denied on that grounds.

The Court will reserve decision on the Police Defendants' argument that Plaintiff has failed to state a warrantless entry claim because she has failed to sufficiently plead a reasonable expectation of privacy in the apartment where she was arrested. Because Plaintiff is proceeding pro se, the Court will allow her another opportunity to cure the deficiency in her Amended Complaint by submitting an affidavit or declaration alleging facts that plausibly support her assertion that she had "overnight guest" status at the Whitney Avenue apartment where she was arrested.

Plaintiff is directed to file her supplemental affidavit or declaration, in accordance with the Court's instructions above, within thirty (30) days of this Decision and Order. <u>Plaintiff is cautioned that the failure to comply with the Court's instructions will result in the dismissal of the Amended Complaint without further order of this Court.</u>

      **IT IS SO ORDERED.**

                                      S/ Michael A. Telesca

                                   _____

                                   HONORABLE MICHAEL A. TELESCA
                                   United States District Judge

DATED:     May 11, 2015
            Rochester, New York