```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

CHANIKKA DAVIS-PAYNE,

              Plaintiff,        **DECISION AND ORDER**
                                            **No. 6:09-cv-06363(MAT)**

    -vs-

JOHN GALIE, THOMAS FOURNIER, THEODORE
WEED, JOHN FASO, JOSEPH GIANQUINTO,
NIAGARA FALLS POLICE DEPARTMENT, DOROTHY
JONES, COUNTY CRIME TASK FORCE,

              Defendants.

## I. Introduction

This action was instituted by pro se plaintiff Chanikka Davis-Payne ("Plaintiff") pursuant to 42 U.S.C. § 1983 ("Section 1983") on the basis that Defendants violated her constitutional rights by entering another person's apartment without a warrant in order to arrest her on March 6, 2007, in the City of Niagara Falls.

## II. Factual Background and Procedural History

On March 6, 2007, Plaintiff was arrested at a residence which was not her own as a result of her February 21, 2007, sale of a controlled substance to an undercover New York State Police Investigator, Dorothy Jones. Plaintiff was charged with two felonies. These charges were dismissed as part of a plea bargain entered into by Plaintiff on an unrelated matter that was prosecuted by the New York State Attorney General's Organized Crime Task Force. Plaintiff then instituted this Section 1983 action,

alleging various constitutional violations in connection with the March 6, 2007, arrest and other incidents.

The State of New York ("the State"), New York State Police Investigator Dorothy Jones ("Inv. Jones"), and New York State Assistant Attorney General Robert Lee ("AAG Lee") (hereinafter, collectively, "the State Defendants") moved to dismiss the complaint, as did the Niagara Falls Police Department ("the NFPD"), John Galie, Thomas Fournier, Theodore Weed, John Faso, and Joseph Gianquinto (collectively, "the Police Defendants"). The Court entered judgment on the pleadings on October 25, 2012, dismissing Plaintiff's complaint with prejudice. Plaintiff appealed, and on September 10, 2014, the United States Court of Appeals for the Second Circuit vacated in part this Court's judgment dismissing Plaintiff's complaint. Construing Plaintiff's complaint as raising a Fourth Amendment "unreasonable search and seizure" claim, the Second Circuit sua sponte granted her belated leave to amend her complaint in order to augment her allegations regarding this claim. See Payne v. Galie, No. 12-4743-cv, 574 F. App'x 26, 27 (2d Cir. 2014) (summary order). Specifically, the Second Circuit held that Plaintiff had not sufficiently alleged that she herself had a reasonable expectation of privacy in the apartment where she was arrested, and but that she should be allowed to plead further facts showing that she had such a reasonable expectation of privacy. Id.

The Second Circuit affirmed the Court's dismissal of Plaintiff's other claims. See id.

Plaintiff filed an Amended Complaint (Dkt #67), essentially alleging that she was an "overnight guest" at the apartment in question. The State Defendants moved for dismissal for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"), or, in the alternative, for summary judgment (Dkt #69). The NFPD and the Police Defendants also moved for dismissal for failure to state a claim (Dkt #68). Plaintiff did not file any papers in opposition to either motion. The Court issued a Decision and Order (Dkt #72) granting the State Defendants' motion (Dkt #69) in its entirety, and granting in part and deny in part the NFPD's and the Police Defendants' Motion to Dismiss (Dkt #68). In particular, the Court terminated the NFPD as a defendant, and reserved decision on the Police Defendants' argument that Plaintiff had failed to state a warrantless entry claim because she again failed to sufficiently plead a reasonable expectation of privacy in the apartment where she was arrested. Because Plaintiff is proceeding pro se, the Court allowed her another opportunity to cure the deficiency in her Amended Complaint by submitting an affidavit or declaration alleging facts that plausibly support her assertion that she had "overnight guest" status at the apartment where she was arrested.

Plaintiff timely filed a Declaration (Dkt #73) as directed by the Court. For the reasons discussed below, the Court finds that Plaintiff has sufficiently alleged a reasonable expectation of privacy in the apartment, and therefore the Court denies the Police Defendants' Motion to Dismiss (Dkt #68) Plaintiff's Fourth Amendment claim.

### III. The Rule 12(b)(6) Standard

The function of a motion to dismiss pursuant to Rule 12(b)(6) is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984) (internal quotation marks omitted). In order "[t]o survive a motion to dismiss under [Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In assessing a claim's plausibility, the district court must "assume [the] veracity" of all well-pleaded factual allegations contained in the complaint, Iqbal, 556 U.S. 679, and draw every reasonable inference in favor of the plaintiff, Zinermon v. Burch, 494 U.S. 113, 118 (1990). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than

a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678.

## IV. The Fourth Amendment and Warrantless Seizures

### A. Legal Principles

"Fourth Amendment rights are personal, and may be enforced only by persons whose own protection under the Amendment has been violated." United States v. Fields, 113 F.3d 313, 320 (2d Cir. 1997) (citing Rakas v. Illinois, 439 U.S. 128, 133-34 (1978), abrogated in part by Minnesota v. Carter, 525 U.S. 83 (1998). The United States Supreme Court "uniformly has held that the application of the Fourth Amendment depends on whether the person invoking its protection can claim a 'justifiable,' a 'reasonable,' or a 'legitimate expectation of privacy[.]'" Smith v. Maryland, 442 U.S. 735, 740 (1979) (citations omitted). This inquiry usually involves two separate questions: (1) "whether the individual, by [her] conduct, has 'exhibited an actual (subjective) expectation of privacy,' that has been invaded by government action[,]" Smith, 442 U.S. at 740 (quotation omitted), and (2) whether the "individual's [subjective] expectation, viewed objectively, is 'justifiable' under the circumstances." Id. (quotation and citations omitted). It is well-settled that an individual may have a "sufficient interest in a place other than [her] own home so that the Fourth Amendment protects [her]." Rakas, 439 U.S. at 142; see also Jones v. United States, 362 U.S. 257, 259 (1960) (guest had Fourth Amendment

standing where he had permission to use an apartment, but no property interest therein; was given a key; and used the apartment in owner's absence), overruled on other grounds, United States v. Salvucci, 448 U.S. 83 (1980).

### B. Application

In her Declaration (Dkt #73), Plaintiff asserts that she and her children "were always staying overnight" at the apartment, and that she was "trusted to be in the home alone on numerous occasions and was assured it was a safe place." Plaintiff and her children "cooked, showered, played, relaxed and stayed [at the apartment] for multiple days and nights at a time" and "also dressed there and had clothing in the closets and drawers." Id. Moreover, during the alleged unlawful entry and arrest, "the officer and detective allowed [Plaintiff] to turn off the chicken she was cooking for the children and go into the bedroom and remove her pajamas into regular clothes, and put on sneakers and [a] leather jacket (it was winter time) she had hanging in the bedroom closet." Id. Plaintiff points out that her children "were left there as well" when the police took her to the station, presumably because she "felt safe enough to bring her children there to eat, sleep, shower and play. . . ." Id.

"Where it has been shown that an individual was an overnight guest in a home, that fact alone is enough to demonstrate that the individual had a legitimate expectation of privacy in the

-6-

premises." United States v. Pena Ontiveros, 547 F. Supp.2d 323, 329 (S.D.N.Y. 2008) (citing, inter alia, Minnesota v. Olson, 495 U.S. 91, 96-97 (1990) ("[D]efendant]'s status as an overnight guest is alone enough to show that he had an expectation of privacy in the home that society is prepared to recognize as reasonable."); United States v. Snype, 441 F.3d 119, 130 (2d Cir. 2006) ("As an overnight guest in Bean's apartment, [the defendant] shared in his host's legitimate expectation of privacy in the premises.") (citations omitted)).

A claim is facially plausible for purposes of Rule 12(b)(6) "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Here, Plaintiff has come forward with non-conclusory allegations that support plausible inferences that the Police Defendants effected a warrantless entry into an apartment in which Plaintiff had a reasonable expectation of privacy, that they arrested her in that apartment without a warrant, and that, in doing so, they violated her Fourth Amendment right to be free from unreasonable searches and seizures. Accordingly, Plaintiff has stated a Fourth Amendment claim that is plausible on its face, and the Police Defendants' motion to dismiss this claim is denied.

**V.    Conclusion**

For the reasons discussed above, Plaintiff has sufficiently alleged a reasonable expectation of privacy in the apartment where she was arrested for purposes of stating a plausible Fourth Amendment claim. Therefore, the Court denies the Police Defendants' Motion to Dismiss (Dkt #68) Plaintiff's Fourth Amendment claim based on the warrantless entry and arrest.

The Clerk of the Court is directed to link Plaintiff's Declaration (Dkt #73) with Plaintiff's Amended Complaint (#67). These two documents together now constitute the operative pleading in this matter.

**IT IS SO ORDERED.**

S/Michael A. Telesca
_____
HON. MICHAEL A. TELESCA
United States District Judge

Dated:    November 25, 2015
          Rochester, New York