UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CHANIKKA DAVIS PAYNE,

         Plaintiff,

v.

DETECTIVE JOHN GALIE, Niagara Falls City
Police Department, DETECTIVE THOMAS
FOURMIER, Niagara Falls City Police
Department, DETECTIVE THEODORE WEED,
Niagara Falls City Police Department,
DETECTIVE JOHN FASO, Niagara Falls City
Police Department, DETECTIVE JOSEPH
GIANQUINTO, MUNICIPAL NIAGARA
COUNTY, MUNICIPAL CITY OF NIAGARA
FALLS, NEW YORK, and DOREEN HOFFMAN,
Assistant Niag. County DA,

         Defendants.
_____

**DECISION AND ORDER**

6:09-CV-06363 EAW



## INTRODUCTION AND PROCEDURAL BACKGROUND

Plaintiff Chanikka Davis Payne ("Plaintiff") filed this action on August 15, 2009. (Dkt. 1). On October 16, 2012, United States District Judge Michael A. Telesca granted Defendants' motion to dismiss and dismissed the complaint, in its entirety, with prejudice. (Dkt. 55). Judge Telesca's decision was vacated by the Second Circuit to the extent that it dismissed Plaintiff's Fourth Amendment claim arising from a March 2007 arrest. (Dkt. 66 at 4). On remand, Plaintiff was permitted to amend her complaint to allege facts in support of that claim (*id.*), and in support of that claim only (Dkt. 72 at 3 ("[T]he only claim remaining for consideration on remand is the alleged violation of

- 1 -

Plaintiff's Fourth Amendment rights based on the Niagara Falls Police officers' warrantless entry into another person's apartment to effectuate her arrest.")).

Plaintiff filed an amended complaint on October 29, 2014, alleging, *inter alia*, a violation of her constitutional rights during her March 2007 arrest. (Dkt. 67). She filed a supplemental declaration on June 1, 2015, (Dkt. 73; *see also* Dkt. 67-1), which Judge Telesca deemed a part of the amended complaint (Dkt. 74).

Presently before the Court are cross motions for summary judgment (Dkt. 84; Dkt. 87), and Plaintiff's motion for a decision in her favor (Dkt. 90). For the reasons stated below, Defendants' motion for summary judgment is granted, and Plaintiff's motions for summary judgment and for a decision in her favor are denied.

## FACTUAL BACKGROUND

The facts here are as alleged in Defendants' Statement of Undisputed Facts.[1] (Dkt. 84-17). At the relevant times, Defendants John Galie ("Galie"), Thomas Fournier,[2]

---

[1] Generally, if a party fails to oppose a Rule 56 statement, those facts are deemed admitted. *See* L.R. Civ. P. 56(a)(2) ("The papers opposing a motion for summary judgment shall include a response to each numbered paragraph in the moving party's statement. . . . Each numbered paragraph in the moving party's statement of material facts may be deemed admitted for purposes of the motion unless it is specifically controverted by a correspondingly numbered paragraph in the opposing statement."); Fed. R. Civ. P. 56(e) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: . . . consider the fact undisputed for purposes of the motion. . . ."). The Second Circuit has indicated that a district court should not deem unopposed facts admitted when those facts are unsupported in the record. *See Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73-74 (2d Cir. 2001).

Here, Plaintiff failed to oppose Defendants' Statement of Undisputed Facts, having submitted only her cross motion for summary judgment. (*See* Dkt. 87). Plaintiff's only evidence in the record is: (1) the supplemental declaration to her amended complaint, which was sworn under penalty of perjury (Dkt. 67-1); and (2) Plaintiff's

Theodore Weed ("Weed"), John Faso ("Faso"), and Joseph Gianquinto (collectively, "Defendants") were officers with the Niagara Falls Police Department. (Dkt. 84-17 at ¶ 1). On March 6, 2007, Plaintiff was arrested by Weed and Faso at 1310 18th Street (Apt. 2), Niagara Falls, New York for an incident that occurred on February 21, 2007, and charged with two felonies. (*Id.* at ¶¶ 3-4, 6). To effectuate the arrest, Weed and Faso knocked on Plaintiff's door, which Plaintiff opened willingly. (*Id.* at ¶ 6). Plaintiff was then informed she was under arrest. (*Id.*). Plaintiff asked Weed and Faso if she could "put on additional clothes and turn off the stove" prior to being taken into custody. (*Id.* at

---

cross motion, also sworn under penalty of perjury (Dkt. 87). Neither statement was notarized. (*See* Dkt. 67; Dkt. 87).

As to the supplemental statement, a verified complaint may be considered as an affidavit for summary judgment purposes if it meets the standards of Rule 56. *See Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 292 (2d Cir. 2000). "This does not mean, however, that parties opting to file a verified complaint earn a special pass to avoid" submitting an opposing statement as required under the Local Rules of Civil Procedure. *See id.*

Each factual assertion within Defendants' Statement of Undisputed Facts is supported by a citation to exhibits sufficient to prove those factual assertions. (*See* Dkt. 84-17). The Court notes that it warned that "[i]f Plaintiff d[id] not respond to the motion for summary judgment on time with affidavits or documentary evidence contradicting the facts asserted by Defendants, the Court may accept Defendants' factual assertions as true." (Dkt. 86 at 2). Additionally, Plaintiff's evidence does not dispute the material facts submitted by Defendants. The facts alleged by Plaintiff in the supplemental declaration support Defendants' claim that she invited officers in so that she could get changed and turn off the stove before they effectuated her arrest. (*See* Dkt. 67-1 at 1). The cross-motion for summary judgment does not present any facts related to the March 2007 arrest. Accordingly, because Plaintiff failed to comply with the Local Rules, and because her evidence does not contradict Defendants', the Court deems the factual allegations in Defendants' Statement of Undisputed Facts admitted. *See* Fed. R. Civ. P. 56(e)(2); *N.Y. State Teamsters Conference Pension & Ret. Fund v. Express Servs., Inc.*, 426 F.3d 640, 648-49 (2d Cir. 2005); *Gubitosi v. Kapica*, 154 F.3d 30, 31 n.1 (2d Cir. 1998); *Thurmond v. Bowman*, 211 F. Supp. 3d 554, 562 (W.D.N.Y. 2016).

2   This defendant's last name is misspelled in the case caption. (*See* Dkt. 84-2 at 1 (showing the spelling as "Fournier")).

¶ 7). Weed and Faso allowed her to do so, "provided she remain[ed] within the view of the officers for safety reasons." (*Id.*; *see also* Dkt. 67-1 at 1 (stating that Weed and Faso allowed Plaintiff to turn off her stove and put on "regular clothes")).

Neither Weed nor Faso searched the apartment or Plaintiff during the arrest. (Dkt. 84-17 at ¶ 7). Plaintiff was only searched after her booking. (*Id.* at ¶ 9).

## DISCUSSION

### I. Standard of Review

Federal Rule of Civil Procedure 56 provides that summary judgment should be granted if the moving party establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court should grant summary judgment if, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party. *See Scott v. Harris*, 550 U.S. 372, 380 (2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

Once the moving party has met its burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial*." *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (quoting *Matsushita Elec.*, 475 U.S. at 586-87). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

## II. Defendants Have Shown That There are No Issues of Material Fact

The only claim remaining in this case following remand from the Second Circuit is Plaintiff's Fourth Amendment claim arising from her March 2007 arrest. (Dkt. 66 at 4). Plaintiff alleges in the amended complaint that she was subjected to an unconstitutional warrantless arrest. (*See* Dkt. 67 at ¶ 46). Her supplemental statement—which constitutes part of the amended complaint (*see* Dkt. 74 at 8)—claims "unlawful entry and unlawful arrest...." (Dkt. 67-1 at 1). Out of an abundance of caution, the Court addresses claims for false arrest and for an unconstitutional search of the apartment.

### A. Plaintiff's Arrest was Lawful

Claims for false arrest may be brought pursuant to § 1983 because they implicate the Fourth Amendment's protection of an individual's liberty interest. *Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 115 (2d Cir. 1995); *see also Cook v. Sheldon*, 41 F.3d 73, 77 (2d Cir. 1994) ("The tort of false arrest supports a claim against state police under section 1983 because it violates the Fourth Amendment."). A plaintiff bringing such a claim must meet the state law requirements for the underlying tort, *Manganiello v. City of N.Y.*, 612 F.3d 149, 161 (2d Cir. 2010), and "show some deprivation of liberty consistent with the concept of 'seizure'" sufficient to implicate the Fourth Amendment. *Singer*, 63 F.3d at 116; *see also Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006) ("In analyzing § 1983 claims for unconstitutional false arrest, we have generally looked to the law of the state in which the arrest occurred." (citation omitted)).

Under New York law, a plaintiff claiming false arrest "must show that '(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged.'" *Savino v. City of N.Y.*, 331 F.3d 63, 75 (2d Cir. 2003) (quoting *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994)). "Lack of probable cause is not an essential element. Rather, a defendant may defend [a § 1983 action for false arrest] by proving that an arrest was authorized under state law."[3] *Williams v. City of N.Y.*, No. 14-cv-5123 (NRB), 2015 WL 4461716, at *4 (S.D.N.Y. July 21, 2015) (citations omitted).

Here, there seems to be no disagreement that Plaintiff has established the first three prongs of a false arrest claim. Plaintiff was intentionally arrested and taken into physical custody by Weed and Faso. However, Defendants argue that the arrest was legal, and therefore privileged. (*See* Dkt. 84-18 at 5).

Plaintiff was arrested on March 7, 2007. (Dkt. 84-14 at 1). The arresting officers had procured neither an arrest warrant nor a search warrant in advance of the arrest. (*See*

---

[3] As a threshold matter, only those events occurring pre-arraignment are properly considered part of Plaintiff's false arrest/false imprisonment claim. As explained by the United States Supreme Court, a false arrest or false imprisonment claim "consists of detention without legal process. . . ." *Wallace v. Kato*, 549 U.S. 384, 389 (2007). As a result, the false arrest or false imprisonment ends once the defendant is arraigned and subject to legal process, and thereafter any claim of unlawful detention forms part of the entirely separate tort of malicious prosecution. *Id.* at 389-390. "If there is a false arrest claim, damages for that claim cover the time for detention up until issuance of process or arraignment, but not more. From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself." *Id.* at 390 (citation omitted); *see also Jaegly v. Couch*, 439 F.3d 149, 153 (2d Cir. 2006).

*id.*). The arrest report notes the arrest type as "CIP," or crime in progress. (*Id.*); *see also NYS Arrest Report [DCJS 3203]: Instructions*, Division of Criminal Justice Services, http://www.criminaljustice.ny.gov/ojis/documents/sar_instruction.pdf (last accessed Aug. 3, 2017) (showing that "CIP" stands for "crime in progress").

Although a warrantless arrest is presumptively unlawful, *Raysor v. Port Auth. of N.Y. & N.J.*, 768 F.2d 34, 40 (2d Cir. 1985), New York law allows police officers to arrest without a warrant, N.Y. Crim. Proc. § 140.05, where there is reasonable cause to believe that the person committed a crime, *id.* § 140.10(1)(b); *see, e.g., People v. Hicks*, 68 N.Y.2d 234, 239 (1986) ("An arrest and search of a suspect are unquestionably unlawful without probable cause." (citing *Dunaway v. New York*, 442 U.S. 200 (1979)); *People v. Linnan*, 31 A.D.2d 1192, 1192 (4th Dep't 2006) (rejecting a "challenge by [the] defendant to the legality of his warrantless arrest in a public place [because] there was probable cause for his arrest"). Reasonable cause under § 140.10 "has substantially the same meaning as 'probable cause' under the Fourth Amendment," *McDowell v. Heath*, No. 09 Civ. 7887(RO)(MHD), 2013 WL 2896992, at *31 (S.D.N.Y. June 13, 2013) (quoting *People v. Surico*, 265 A.D.2d 596, 597 (3d Dep't 1999)), and it is the defendant's burden to show that the arrest was authorized under § 140.10. *Raysor*, 768 F.2d at 40. An arrest without reasonable cause under § 140.10 violates § 1983. *Id.*

The conduct underlying the arrest need not have occurred in the officer's presence. N.Y. Crim. Proc. § 140.10(1)(b); *see, e.g., Surico*, 265 A.D.2d at 597 ("It is well settled that a police officer may arrest a person for a crime without first obtaining a warrant where there is 'reasonable cause to believe that such person has committed such crime,

whether in the officer's presence or otherwise.'" (citation omitted)); *People v. Vasquez*, 215 A.D.2d 118, 119 (1st Dep't 1995) ("There is no requirement that probable cause derive from a suspect's actions at the time of his arrest. . . ."); *see also Brown v. City of N.Y.*, 798 F.3d 94, 100 (2d Cir. 2015) (finding that, under New York law, an officer need not have personally observed the conduct underlying an arrest for a crime). Even without an arrest warrant, in order to effectuate the arrest an officer "may enter premises in which he reasonably believes such person to be present, under the same circumstances and in the same manner as would be authorized, . . . if he were attempting to make such arrest pursuant to a warrant of arrest." N.Y. Crim. Proc. § 140.15(4). Following an arrest without a warrant, the officer must bring the arrested person before a court without unnecessary delay. *Id.* § 140.20(1).

Here, the arrest report does not state that Plaintiff was arrested pursuant to a criminal complaint (*see* Dkt. 84-14 at 1), but on March 6, 2007, Weed, Faso, and Investigator Dorthy Jones, swore out two criminal felony complaints in the City Court of Niagara Falls, alleging that Plaintiff possessed and distributed crack cocaine on February 21, 2007 (Dkt. 84-15 at 1-2). Both criminal complaints were sworn under penalty of perjury. (*See* Dkt. 84-15 (noting that the criminal complaints were "subscribed and sworn" before the commissioner of deeds at the City Court of Niagara Falls, and that the swearing officer understood that "false statements made herein are punishable as a Class A misdemeanor pursuant to Section 210.45 of the [New York] Penal Law")); *see also* N.Y. Penal Law § 210.45 (making it punishable by law to knowingly make a false written statement); N.Y. Exec. Law § 139(8) ("Any instrument or paper sworn to, proved or

acknowledged before a commissioner of deeds within a city and authenticated as hereinbefore provided by the clerk of a county within which such city is located shall be recorded and read in evidence in any county in this state without further proof. . . ."); *Ebije v. City of N.Y.*, No. 95 CIV. 1779 (DC), 1996 WL 191732, at *1 (S.D.N.Y. Apr. 22, 1996) (noting that a commissioner of deeds is a position similar to a notary public). One complaint states that on February 21, 2007, Plaintiff possessed "crack cocaine in the presence of an undercover agent of the New York State Police." (*Id.* at 1). The purported crack cocaine was field tested by an investigator certified to do such a test. (*Id.*). The field test "showed positive for the presence of cocaine." (*Id.*). This criminal complaint alleges a violation of N.Y. Penal Law § 220.16(1). (*Id.*).

The second criminal complaint states that Plaintiff sold suspected crack cocaine to an undercover officer. (*Id.* at 2). The substance field tested positive for cocaine. (*Id.*). This criminal complaint alleges a violation of N.Y. Penal Law § 220.39(1). The criminal complaints support a finding of probable cause to arrest Plaintiff for violating New York drug laws, thereby obviating the need for a warrant under § 140.10.[4] As such, the undisputed facts establish that the arrest was legal, and therefore privileged. As a result, Plaintiff's claim for false arrest fails as a matter of law, and summary judgment for Defendants is appropriate.

---

[4] The Court also notes that on June 13, 2007, Niagara Falls City Court Judge Robert M. Restaino found that there was "reasonable cause to believe that [Plaintiff] committed a felony in violation of" New York's drug laws. (Dkt. 84-16 at 1).

## B. Defendants' Entry Into Plaintiff's Apartment was Lawful

Summary judgment is also appropriate for Plaintiff's unconstitutional search claim. "In general, a state actor must obtain a warrant based on probable cause to lawfully execute a search." *Anobile v. Pelligrino*, 303 F.3d 107, 117 (2d Cir. 2001). A warrantless search is *per se* unreasonable, "subject only to a few specifically established and well-delineated exceptions." *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973) (citing *Katz v. United States*, 389 U.S. 347, 357 (1967)). "It is equally well settled that one of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent." *Id.*

Here, the evidence shows that Plaintiff consented to Weed and Faso's entry. Faso and Weed submitted sworn statements attesting to Plaintiff's consent for them to enter.[5] (Dkt. 84-4 at ¶ 7; Dkt. 84-5 at ¶ 7). Weed and Faso swear that Plaintiff allowed them to enter "to put on additional clothes and to turn off the stove." (Dkt. 84-4 at ¶ 7; Dkt. 84-5 at ¶ 7). Plaintiff, in her own words declared under penalty of perjury, confirms Defendants' version of events. (*See* Dkt. 67-1 at 1 ("[T]he officer and detective allowed [Plaintiff] to turn off the chicken she was cooking for the children and go into the bedroom and remove her pajamas into regular clothes, and put on sneakers and leather jacket (it was winter time)she [sic] had hanging in the bedroom closet.")).

Although Plaintiff failed to submit any affidavit or documentary evidence to challenge Defendants' claims, the Court liberally interprets Plaintiff's cross motion for

---

[5] Faso and Weed also note that they did not conduct any search of the apartment. (Dkt. 84-4 at ¶ 7; Dkt. 84-5 at ¶ 7).

summary judgment, sworn under penalty of perjury (*see* Dkt. 87 at 3), as asserting that Plaintiff's consent was involuntary (*id.* at 4). However, Plaintiff's papers fail to rebut Defendants' evidence. A close reading of Plaintiff's cross-motion papers shows that she is referring to coerced consent during her *2005 arrest*, not her 2007 arrest. Plaintiff states that Galie (and others) searched the premises after coercing consent. (*Id.*). However, Galie was not involved in the 2007 arrest. (*See* Dkt. 84-1 at ¶ 4 ("I [(Galie)] was not present or otherwise involved during the arrest of [P]laintiff on March 6, 2007...."); Dkt. 84-14 at 1 (showing Faso and Weed as the arresting officers on March 6, 2007); *see also* Dkt. 1 at 5 (claiming that Galie conducted an "illegal raid" at Plaintiff's home on October 5, 2005)). Plaintiff failed to rebut Defendants' properly supported motion for summary judgment. Therefore, summary judgment for Defendants is appropriate.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment (Dkt. 84) is granted, and Plaintiff's motions for summary judgment (Dkt. 87) and for a decision in her favor (Dkt. 90) are denied. The Clerk of Court is directed to close the case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: August 29, 2017
Rochester, New York